UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFTON MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-2593 (RC) |
| | ) |
| LIBRARY OF CONGRESS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, filed suit in the Superior Court of the District of Columbia against the Library of Congress, seeking a judgment of $2,500 for what appears to be the loss of his personal property. *See* Compl., ECF No. 1-1. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1346(b), 1442(a)(1), and 1446.[1] Not. of Removal, ECF No. 1. Pending before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. ECF No. 3. Plaintiff, appearing *pro se*, has not maintained a current address of record. Consequently, the order mailed to him advising of his obligation to respond to defendant's motion by December 31, 2018, ECF No. 4, was returned to the Clerk's Office as "undeliverable," ECF No. 5. Regardless, the Court is required to dismiss an action "at any time" it determines that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). For the following reasons, defendant's motion will be granted.

---

[1] Section 1442(a)(1) states in relevant part that a "civil action . . . commenced in a State court [brought] against or directed to . . . [t]he United States or any agency thereof" may be removed to the United States district court "embracing the place where[ ] it is pending[.]" Section 1446 sets out the procedure for "a defendant . . . desiring to remove any civil action from a State court[.]" *Id*. para. (a).

1

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act ("FTCA") waives the United States' immunity from a lawsuit for monetary damages based on certain tortious conduct, *see* 28 U.S.C. §§ 1346(b)(1), 2671-80, and its "remedies [are] exclusive," *id*. § 2679(a). Therefore, defendant has appropriately addressed plaintiff's claim under the FTCA.

Defendant contends that jurisdiction is lacking over any FTCA claim because plaintiff failed to exhaust his administrative remedies.[2] *See* Def.'s Mem. at 3-4. Before obtaining judicial review under the FTCA, a plaintiff must "first present[ ] the claim to the appropriate Federal agency" and wait until the claim is "finally denied by the agency in writing," or allow six months to pass without receiving a final denial "by certified or registered mail." 28 U.S.C. § 2675(a). The Court of Appeals has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981)). Defendant has no record of receiving a claim "relating to any incident filed by Clifton Marsh." Decl. of Elizabeth Pugh ¶ 4, ECF No. 3-1. Therefore, this case will be dismissed without prejudice. *See Abdurrahman v. Engstrom*, 168 Fed. App'x. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming

---

2   Defendant argues that jurisdiction is lacking also because plaintiff has sued a federal agency instead of the United States. Def.'s Mem. at 3 (citing 28 U.S.C. § 2679(a)). But plaintiff did not bring this action in federal court, is accorded some leeway as a *pro se* party, *Richardson v. U.S*., 193 F.3d 545, 548 (D.C. Cir. 1999), and could move successfully to substitute the United States. *See, e.g.,* Fed. R. Civ. P. 25 ("any misnomer not affecting the parties' substantial rights must be disregarded"). Therefore, the Court declines defendant's invitation to dismiss the complaint on this ground.

the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: January 9, 2019